**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| NEURAL AI, LLC,<br><br>Petitioner,<br><br>v.<br><br>TESLA, INC.,<br><br>Respondent. | Misc. Case No. 7:26-mc-00318<br><br>Principal case pending in Western District of Texas, Civil Action No. 7:24-cv-00221-LS-DTG |

**NEURAL AI'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH SUBPOENA SERVED ON THIRD-PARTY TESLA, INC.**

Tesla's opposition asks this Court to believe that NAI agreed to accept a five-paragraph declaration listing GPU model numbers and call it a day. No document supports that claim: not the subpoena, not the draft declaration NAI provided, not any document in the record. What the record *does* show is that NAI offered Tesla a streamlined path to resolve both subpoenas by addressing fifteen substantive questions in declaration form, and NAI would forgo broader document discovery "***subject to resolving any material gaps***." Ex. 10 at 1; Tesla took the shortcut but skipped the substance, then unilaterally declared the matter "concluded." Ex. 21 at 2. It is not.

## I. TESLA REWRITES THE PARTIES' MEET AND CONFER EFFORTS

Tesla's self-serving account of the parties' meet-and-confer is contradicted by the written record. Tesla's central premise—that NAI agreed to limit discovery to identifying hardware and software products (Opp. at 4–6)—has no support. NAI offered to avoid more intrusive discovery into Tesla's systems if Tesla confirmed that it used NVIDIA software on NVIDIA hardware without source-code modification and that relevant functionalities were present. Ex. 10 at 1; Ex. 12. Otherwise, NAI needed information about Tesla's modifications and their effect on infringement. Ex. 10 at 1. The "out-of-the-box" discussion was a path to narrowing discovery through those substantive confirmations, and not an agreement to accept a product list.

The draft declaration's scope is explicit: fifteen paragraphs covering GPU identification (Ex. 12 ¶ 3); three categories of NVIDIA software (¶¶ 4–6); whether Tesla uses that software *without modification to source code* (¶ 7); whether hardware and software function, to the best of Tesla's knowledge, *as designed by NVIDIA* (¶ 8); use of NVIDIA-distributed pretrained models (¶ 9); CPU/GPU memory architecture (¶¶ 10–11); standard data paths, including GPUDirect (¶¶ 12–13); U.S. operations (¶ 14); and frequency of use (¶ 15). That is the scope NAI proposed and the information needed to resolve the subpoenas.

Tesla states NAI's draft declaration sought "pre-written admissions." Opp. at 1. Not true. NAI's draft declaration was a template addressing the information needed to resolve the subpoenas and did not dictate any language. Indeed, NAI expressly said "***Tesla may revise to ensure its accuracy***." Ex. 10 at 1. But any revision still needed to address any modification Tesla made to the NVIDIA hardware and software, if any, relevant to NAI's infringement theories.

Tesla's own declarant admits that NAI only agreed to accept the declaration "subject to any material gaps." Fawzy Decl. ¶ 13. NAI expressly preserved its right to seek additional information, and the declaration's omissions produced this dispute.

## II. TESLA'S DECLARATION IS MATERIALLY DEFICIENT

Tesla recasts the dispute as one over "length." Opp. at 7. That is a straw man. The problem is what Tesla omitted, not how much it said. Its five-paragraph declaration sidesteps the technical facts needed to resolve the subpoenas.

Rather than revising NAI's draft declaration to accurately address the core subjects, Tesla provided non-answers. Ex. 20. The declaration identifies six GPU models (*id.* ¶ 3), a partial software list (¶ 4), and states that ***some software*** is used "as provided" (¶ 5). It omits:

1. Whether Tesla uses all NVIDIA software without modification to code (Ex. 12, ¶7);
2. Whether hardware/software functions as designed by NVIDIA (*id.* ¶ 8);
3. Use of NVIDIA-distributed pretrained models (*id.* ¶9);
4. CPU/GPU memory architecture (*id.* ¶¶10–11);
5. Standard data paths including GPUDirect (*id.* ¶¶12–13);
6. U.S. operations (*id.* ¶14); and
7. Frequency of use (*id.* ¶15).

Those omissions are material.

Indeed, Tesla's qualification that only "some software" is used "as provided" creates precisely the uncertainty that further discovery must resolve. Ex. 20 ¶ 5. That wording necessarily leaves open whether Tesla modifies other NVIDIA software, what those modifications are, and whether they affect the accused functionality. Tesla offers no explanation. Those unanswered questions make a Tesla deposition even more necessary—not less—to determine how Tesla actually uses NVIDIA's software and to develop the third-party evidence bearing on NAI's infringement claims against NVIDIA.

Moreover, NAI asked only for Tesla's best knowledge and not a guarantee that NVIDIA's products work "as designed and intended." Opp. at 5. If Tesla knows otherwise, that fact warrants further discovery on induced infringement. Tesla cannot evade a material factual question by relabeling it a request for a legal conclusion. It is not.

## III. THE MOTION IS TIMELY

Tesla's timeliness argument fails on every level.

**First, the motion was timely under the stipulated deadline.** NVIDIA agreed that third-party document motions could be filed through August 18, 2026. Laiche Decl. ¶ 28. NAI filed on August 17. Tesla protests it was "not a party to that stipulation" (Opp. at 10, n.4), but the stipulation governs the schedule in the underlying litigation. Tesla has no standing to veto a scheduling agreement between the actual parties.

**Second, the motion is timely even without the stipulation.** Local Rule CV-16(e) permits motions filed "within 14 days after the discovery deadline [if they] pertain to conduct occurring during the final 7 days of discovery." Tesla served its materially inadequate declaration on August 10, the day before discovery closed. NAI filed on August 17, within fourteen days of the original deadline and Tesla's noncompliance. The motion is therefore independently timely.

**Third, service of the subpoenas was timely.** Tesla argues NAI served them too late because they were issued in June 2026 rather than October 2025, when NAI served other customers. But Tesla cites no case holding that a subpoena served nearly two months before the close of document discovery—and three months before the close of deposition discovery—is untimely. It is not. The subpoenas were timely, and Tesla had more than adequate time to respond but chose not to.

## IV. TESLA'S DIVISIONAL OBJECTION IS MERITLESS

NAI complied with Rule 45 and the Clerk's express instructions. The subpoenas designate Austin as the place of compliance, and NAI filed its motion in the Western District of Texas, which is the "district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i). Rule 45 requires filing in the proper district, not a particular division. Rule 45(c)'s 100-mile limitation governs where Tesla must comply, not the courthouse hearing the motion.

Moreover, NAI was instructed to direct its motion to Midland/Odessa. Because the original motion had no divisional header, the Clerk issued a deficiency notice directing NAI to revise the header to read "Midland/Odessa Division" and refile. *See* Ex. A. NAI followed that instruction exactly. Tesla's objection thus identifies, at most, an administrative assignment issue the Court may correct. It is no basis to deny an otherwise timely motion filed in the correct federal district, much less without leave to refile.

## V. TESLA'S CROSS-MOTION TO QUASH SHOULD BE DENIED

Tesla's burden objections are boilerplate. It identifies no specific cost or hardship and does not explain why answering fifteen factual questions about its own GPU infrastructure is unduly burdensome. That is insufficient. *See Waller v. Jet Specialty, Inc.*, 2024 WL 7050192, at *3 (W.D. Tex. 2024) ("The resisting party 'must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of

the burden.'") (citation omitted).

Tesla's overbreadth objection fares no better. NAI's twelve requests target discrete steps in the accused method and specific technical elements of its infringement claims—software selection, data paths, memory architecture, and GPU computation scheduling—not a fishing expedition. NAI further narrowed the requests by offering a declaration alternative that would have eliminated document production entirely. Tesla refused that accommodation and now complains about the scope of the discovery it forced NAI to pursue. NAI has made every effort to minimize Tesla's burden. It offered to accept a declaration in lieu of document production. It provided focused technical questions. It narrowed scope at every turn. Tesla rejected each accommodation.

Moreover, NVIDIA itself told this Court that it lacks knowledge of how customers deploy its products and that NAI must seek this information directly from customers. Laiche Decl. ¶ 24. Tesla is the only entity that can answer these questions.

Finally, to be clear, NAI does not need access to Tesla's unique trade-secret code. NAI needs to know how Tesla is incorporating NVIDIA's code, what functionalities it is invoking, and what modifications, if any, it is making. Tesla repeatedly frames NAI's requests as seeking all of Tesla's proprietary information, but NAI has repeatedly explained its focus is on Tesla's use and integration of NVIDIA products—not Tesla's independent innovations—and the draft declaration confirms the same scope. The Court should ignore Tesla's baseless confidentiality objections.

## VI. CONCLUSION

For the foregoing reasons, the Court should grant NAI's Motion to Compel and deny Tesla's Cross-Motion to Quash. At minimum, it should compel Tesla to produce documents sufficient to establish the facts addressed in NAI's draft declaration and designate a witness to testify regarding the declaration Tesla served and any remaining gaps. Ex. 14.

Dated: August 30, 2026

Respectfully submitted,

*<u>/s/ Rocco Magni</u>*
Max L. Tribble
Texas State Bar 20213950
Brian D. Melton
Texas State Bar 24010620
Rocco Magni
Texas State Bar 24092745
Samuel Drezdzon
Texas State Bar 24117374
SUSMAN GODFREY L.L.P.
1000 Louisiana
Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
bmelton@susmangodfrey.com
rmagni@susmangodfrey.com
sdrezdzon@susmangodfrey.com

Tamar Lusztig
NY State Bar 5125174
Emily Portuguese
NY State Bar 5920327
One Manhattan West, 50th Floor
New York, NY 10001
tlusztig@susmangodfrey.com
eportuguese@susmangodfrey.com

Tanner Laiche
WA State Bar 60450
401 Union Street, Suite 3000
Seattle, WA 98101
tlaiche@susmangodfrey.com

*Attorneys for Petitioner Neural AI, LLC*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on August 30, 2026, a true and correct copy of the foregoing document was served on counsel for Tesla, Inc. and all counsel of record in the underlying action.

*/s/ Rocco Magni*
Rocco Magni